UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------x
CLEAN AIR CAR SERVICE &
PARKING CORP.,

                Plaintiffs,

    -against-

CLEAN AIR CAR SERVICE &
PARKING BRANCH TWO, LLC, IV -
CVCF NEB REO, LLC, and LAZ
PARKING, LTD, LLC,

                Defendants.
-----------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 1:23-cv-06461 (FB) (MMH)

*Appearances:*
*For the Plaintiff*:
KEVIN S. WANG
Wood Wang & Associates, PLLC
30-50 Whitestone Expy, Ste 402
Flushing, NY 11354

*For the Defendant Clean Air Two*:
JAY S. HELLMAN
THOMAS A. DRAGHI
Westerman Ball Ederer Miller Zucker
& Sharfstein, LLP
1201 RXR Plaza
Uniondale, NY 11556

*For the Defendant IV-CVCF NEB
REO, LLC*:
PAUL S. SAMSON
Riemer & Braunstein LLP
100 Cambridge Street, 22nd Floor
Boston, MA 02114

*For the Defendant LAZ Parking Ltd.,
LLC*:
JARED M. MOGIL
Gordon Rees Scully Mansukhani LLP
One Battery Park Plaza, 28th Floor
New York, NY 10004

**BLOCK, Senior District Judge:**

Before the Court is Clean Air Car Service & Parking Branch Two, LLC ('the Clean Air 2 Debtor") and IV - CVCF NEB REO, LLC's (together, "Defendants") motion to refer this case to the bankruptcy proceeding pending before Judge Nancy Lord in the United States Bankruptcy Court for the Eastern District of New York, initiated by the Clean Air Two Debtor's Chapter 11 petition: *In re: Clean Air Car Service & Parking Branch Two, LLC*, Case No. 23-41937 (NHL) (Bankr. E.D.N.Y. 2023).  In opposition, Plaintiff has cross-moved to remand back to state court.[1]

\* \* \*

This case arises from Plaintiffs' allegations that the Clean Air 2 Debtor breached a lease agreement it had with Plaintiffs and tortiously interfered with their business relations.  Plaintiffs have filed a proof of claim in the Clean Air 2 Debtor's bankruptcy proceeding based on the same allegations, as evidenced by their attachment of their summary judgment motion from this case to their proof of claim form.  Accordingly, the Court finds that this case is a "core" proceeding within the meaning of 28 U.S.C. § 157 and refers it to the ongoing bankruptcy proceeding on that basis.  *See In re S.G. Phillips Constructors, Inc.*, 45 F.3d 702,

---

[1] The Clean Air Two Debtor removed this case from the supreme court of New York, Queens County, pursuant to 28 U.S.C. §§ 1334(b), 1441(a).

706 (2d Cir. 1995) (recognizing "core" proceeding where "creditor became involved in bankruptcy court proceedings by filing its proof of claim in bankruptcy court and thereafter actively litigating in that court"); *see also 1325 Atl. Realty LLC v. Brooklyn Hosp. Grp. LLC*, No. 22-CV-1047 (RPK) (VMS), 2023 WL 2599660, at *3-5 (E.D.N.Y. Mar. 22, 2023) (referring "core" case to bankruptcy court in connection with pending proceeding).

Plaintiffs' arguments to the contrary are without merit. Mandatory abstention is unwarranted because this case concerns a "core" proceeding. *See In re Petrie Retail, Inc.*, 304 F.3d 223, 232 (2d Cir. 2002) ("Abstention is only mandated with respect to non-core matters."). And the Court declines to apply the permissive abstention doctrine or exercise its discretion to remand this case back to state court. *See Osuji v. HSBC Bank, U.S.A., N.A.*, 580 B.R. 605, 612 (E.D.N.Y. 2018*)* (listing factors for permissive abstention) *Worldview Ent. Holdings, Inc. v. Woodrow*, 611 B.R. 10, 20 (S.D.N.Y. 2019) (inquires for permissive abstention and equitable remand "are essentially the same and are often analyzed together"). It is obvious that the bankruptcy court is best suited to accomplish the efficient administration of all claims involving the debtor's estate, particularly those already registered against the debtor.

3

**CONCLUSION**

For the foregoing reasons, Defendants' motion to refer this case to the Bankruptcy Court for the Eastern District of New York is GRANTED.  Plaintiff's cross-motion to remand this action to state court is DENIED.  This action is hereby referred to the Bankruptcy Court for the Eastern District of New York pursuant to 28 U.S.C. § 157(a) and this Court's Standing Orders of Reference dated August 28, 1986, and December 5, 2012.

**SO ORDERED.**


  /S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
June 24, 2024

4